IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CAMARA KARAMATIC, §
§
    Plaintiff, §
§
v. §           Civil Action No. 3:21-CV-02304-N
§
PEYTON RESOURCE GROUP, L.P., §
§
    Defendant. §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Peyton Resource Group, L.P.'s ("PRG") motion to dismiss [6]. For the reasons below, the Court denies the motion.

## I. THE EMPLOYMENT DISPUTE

This is an employment discrimination and retaliation dispute. Plaintiff Camara Karamatic worked for PRG in a managerial role.[1] Compl. ¶ 4.02 [1]. About a month after she started, PRG hired another manager named Michael Pendleton to manage another department. *Id.* ¶ 4.04. In the following months, Pendleton allegedly made a variety of inappropriate comments at work, including racist comments about hiring candidates, descriptions of his own sexual activities, and sexual comments about other female coworkers. *Id.* ¶¶ 4.06–10.

Karamatic reported Pendleton's behavior multiple times to her supervisor, PRG CEO Brian Mayhew. Compl. ¶¶ 4.11, 4.13. Mayhew then allowed Karamatic to work

---

[1] This Court takes the well-pleaded allegations as true for the purpose of the Rule 12(b)(6) motion.

from home to avoid Pendleton. *Id.* ¶ 4.13. A few weeks later, Mayhew presented Karamatic with a new employment agreement that reduced her total compensation and adversely altered certain commission calculations. *Id.* ¶¶ 4.14–15, 4.18. Shortly after Karamatic obtained counsel and took various actions indicating the possibility of a harassment and retaliation lawsuit, PRG terminated her. *Id.* ¶¶ 4.17–20.

Karamatic filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and then filed this lawsuit for sex discrimination, hostile work environment, and retaliation under Title VII and the Texas Labor Code.[2] Compl. ¶¶ 5.01–6.07. PRG moves to dismiss all claims for failure to state a claim.

## II. Rule 12(b)(6) Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most

---

[2] The parties do not separately discuss Karamatic's state and federal claims in the briefs. In general, employment claims based on Title VII and the Texas Labor Code are analyzed under the same framework. *See, e.g.*, *Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 467 (5th Cir. 2021) (citing *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917–18 (Tex. 2005)). Accordingly, the Court addresses each type of claim as governed by federal law in this Order.

favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT DENIES THE MOTION

#### A. *The Record Does Not Show that Karamatic's Sex Discrimination Claim Is Outside the Scope of Her EEOC Charge*

PRG argues that Karamatic's sex discrimination claim must be dismissed for failure to exhaust administrative remedies because it is outside the scope of her EEOC charge. Mot. to Dismiss 11–12. But the EEOC charge documents are not in the record on this motion. The complaint alleges that Karamatic filed a timely EEOC charge and received a notice of right to sue, Compl. ¶ 3.02, and there is nothing in the record to support PRG's argument that the charge does not cover any particular claim. Accordingly, the Court denies the motion to dismiss Karamatic's sex discrimination claim to the extent that the complaint asserts one.[3]

---

[3] The complaint and response brief do not clearly indicate that Karamatic intends to assert a separate sex discrimination claim and hostile work environment claim at all. However, the sole ground PRG raises for dismissal of a separate sex discrimination claim is not supported by the record on this motion.

ORDER – PAGE 3

### B.  Karamatic Has Stated a Hostile Work Environment Claim

PRG moves to dismiss Karamatic's sexually hostile work environment claim for three reasons: (1) because Karamatic has not alleged actionable harassment; (2) because the alleged harassment was not based on Karamatic's sex; and (3) because the alleged facts fail to show that PRG knew or should have known about the harassment but failed to act. However, as explained below, the Court determines that Karamatic has stated a valid sexually hostile work environment claim.

There are five elements that a plaintiff must prove to prevail on a hostile work environment claim:

> "[T]he plaintiff must prove that she is (1) a member of a protected class who was (2) subject to 'unwelcome harassment' that was (3) based on the plaintiff's status as a member of a protected class (here, sex) and was (4) 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' and that (5) 'the employer knew or should have known of the harassment in question and failed to take prompt remedial action.'"

*Abbt v. City of Houston*, 28 F.4th 601, 607 (5th Cir. 2022) (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002))).  To survive a motion to dismiss on a hostile work environment claim, a plaintiff must plead sufficient facts on each element of the claim to make her case plausible.  *Cf. Davis v. Tex. Health & Human Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019) (unpub.) (discussing the plaintiff's pleading burden on race and sex discrimination claims under Title VII).

    ***1. The Complaint Adequately Alleges Actionable Sexual Harassment.* –** The Court first addresses PRG's various arguments related to the degree of the sexually harassing conduct Karamatic allegedly experienced.  According to PRG, Karamatic does not allege enough facts to show that she was subjected to actionable harassment for two reasons: (1) because she does not allege she was personally subject to conduct qualifying as unwelcome sexual harassment; and (2) because the alleged conduct merely constituted "offhand comments" that were not so severe or pervasive as to alter a term, condition, or privilege of Karamatic's employment.  The Court disagrees on both points.

    PRG contends that Karamatic does not allege facts showing she was personally subjected to unwelcome harassment.  But PRG's argument that Karamatic "does not establish that the alleged comments (although not disclosed) were even made to her" relies on a selective reading of the complaint.  Mot. to Dismiss 5.  While Karamatic does include some allegations regarding comments Pendleton made to or about others to bolster the complaint, Compl. ¶¶ 4.06, 4.08–09, she also describes repeated, unsolicited comments that Pendleton made directly to her about his sex life, often during one-on-one meetings. *See id.* ¶¶ 4.07–08.  Unwelcome sexual harassment can take several forms, including "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited or uninvited and is undesirable or offensive to the employee." *Jones v. Flagship Int'l*, 793 F.2d 714, 719 (5th Cir. 1986).  Karamatic's allegations here describe unsolicited verbal conduct of a sexual nature sufficient to make her claim plausible as to the unwelcome harassment element.

Relatedly, PRG argues that the complaint alleges only offhand comments that do not constitute actionable harassment because they were not so severe or pervasive as to change any term, condition, or privilege of Karamatic's employment. "For harassment to be sufficiently severe or pervasive to alter the conditions of the victim's employment, the conduct complained of must be both objectively and subjectively offensive." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). Because determining whether an environment is hostile or abusive is not "a mathematically precise test," the inquiry requires looking at all the circumstances. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22–23 (1993). Relevant circumstances include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23. It is a "recurring point in Supreme Court opinions . . . that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Shepherd v. Comptroller of Pub. Accounts of State of Tex.*, 168 F.3d 871, 874 (quoting *Faragher v. City of Boco Raton*, 524 U.S. 775, 788 (1998)) (internal punctuation omitted).

Karamatic alleges more than mere offhand comments and has met her pleading burden as to this element as well. The complaint alleges that Pendleton continued to make sexually explicit comments to Karamatic in one-on-one meetings after she repeatedly asked him to stop. Compl. ¶ 4.07–08. Further, the complaint alleges that Pendleton's behavior was "both distracting and disruptive," that Karamatic complained it "was undoing [her]

efforts to develop a brand and reputation"[4] and that, in response to Karamatic's multiple complaints her supervisor allowed her to work from home to avoid Pendleton. *Id.* ¶¶ 4.12–13. Assumed as true, Karamatic's factual allegations support a reasonable inference that the harassment was so severe or pervasive that it altered the conditions of her employment.

2. ***The Complaint Adequately Alleges Harassment Based upon Sex.*** **–** In somewhat conclusory fashion, PRG argues that the complaint fails to allege sufficient facts to demonstrate that the harassment committed against her was based upon Karamatic's sex. In support, PRG cites language from *Jones v. Flagship International* dealing with the definition of unwelcome sexual harassment. 793 F.2d at 719. But PRG makes no real attempt to explain how allegations of a male coworker repeatedly describing his sexual encounters to a female plaintiff in one-on-one meetings are insufficient at the pleading stage to support a reasonable inference that "but for the fact of her sex, the plaintiff would not have been the object of harassment." *Id.* Considering the conduct just described along with the additional allegations of similarly inappropriate behavior directed at other women in the office, *see* Compl. ¶¶ 4.08–10, the complaint's allegations are sufficient on this element at the pleading stage.

3. ***The Complaint Adequately Alleges that PRG Knew of the Harassment and Failed to Take Appropriate Action.*** **–** PRG also argues Karamatic fails to allege facts to show that PRG knew or should have known of the harassment and failed to take appropriate

---

[4] The meaning of this phrase is admittedly not crystal clear. However, construing the complaint in Karamatic's favor, the Court construes it to mean that Karamatic complained that Pendleton's behavior interfered with her job performance.

action.  To support its argument, PRG points out that (1) Karamatic does not describe in detail what conduct she reported to Mayhew; and (2) she did not allege that she reported the conduct to the human resources department.  Mot. to Dismiss 9–10.  PRG's argument is without merit.

"An employer can be put on notice of harassment, and therefore be required to take remedial action, if a person within the organization who has the 'authority to address the harassment problem' or an 'affirmative duty' to report harassment learns of the harassment in question."  *Abbt v. City of Hous.*, 28 F.4th 601, 607 (5th Cir. 2022) (quoting *Williamson v. City of Hous.*, 148 F.3d 462, 466 (5th Cir. 1998)).  Karamatic has pleaded enough facts on this element for the Court to infer PRG was on notice of the harassment problem.

Specifically, Karamatic alleges that she complained about Pendleton's "sexually explicit comments" (which the complaint describes in earlier paragraphs) on multiple occasions to her supervisor, PRG CEO Brian Mayhew.  Compl. ¶¶ 4.11–13.  When she complained a second time, Mayhew acknowledged he had spoken to Pendleton about the inappropriate conduct and may have needed to do so again.  *Id.* ¶ 4.13.  These allegations plausibly show that Mayhew knew about the harassment and had the authority to address Karamatic's complaints.  Notably, Karamatic also alleges that in at least one instance, Mayhew joined Pendleton in sexually inappropriate conversation about a female coworker, further supporting an inference that Mayhew's remedial action may have been inadequate. *See id.* ¶ 4.10.  Accordingly, the complaint plausibly alleges that PRG was on notice of the problem and failed to take appropriate action.

PRG provides little legal authority for its specific objections to Karamatic's pleading on this element. The district court case PRG cites in support is distinguishable, and it does not establish that Karamatic must specify the contents of her report by restating facts already laid out in the complaint or that she must plead that she reported the information to human resources specifically. *See Stewart v. Hous. Lighting & Power Co.*, 998 F. Supp. 746, 755 (S.D. Tex. 1998). In *Stewart*, the district court granted summary judgment for the defendant employer in part because although the plaintiff "claim[ed] that she reported some of the incidents to various supervisors," she (1) failed to identify the supervisors, (2) didn't file a union grievance, and (3) didn't inform human resources as required by the company's sexual harassment policy. *Id.* By contrast, Karamatic identifies the person to whom she reported the behavior (again, the CEO, who was her supervisor). Nothing in the record suggests that person was powerless to act or that Karamatic ignored some established procedure. For all the reasons above, the Court determines that the complaint's allegations are sufficient to state a Title VII claim based on a sexually hostile work environment.

### C. Karamatic Has Stated a Retaliation Claim

Finally, PRG moves to dismiss Karamatic's retaliation claim. PRG argues that because Karamatic could not have had a reasonable belief that PRG engaged in unlawful discrimination, her claim must be dismissed. The Court disagrees.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that [she] engaged in activity protected by Title VII; (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the

adverse action." *Abbt*, 28 F.4th at 610 (quoting *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002)).  Protected activity under Title VII can take one of two broader forms: (1) opposing an unlawful employment practice; or (2) making a charge, testifying, assisting, or participating in a Title VII investigation, proceeding, or hearing. *Byers v. Dallas Morning News*, 209 F.3d 419, 427–28 (5th Cir. 2000).  To establish the former type of protected activity under the "opposition clause," a plaintiff must at least show that she had "a reasonable belief that the employer was engaged in unlawful employment practices." *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981).  Accordingly, where settled law clearly forecloses liability for a particular practice, a plaintiff cannot reasonably believe the conduct is unlawful and therefore cannot bring a Title VII retaliation claim centered on her opposition to that practice.

PRG argues that Karamatic's retaliation claim fails for lack of reasonable belief because it is settled law that the conduct at issue is unactionable.  The Court already determined above that the facts in the complaint plausibly show that Pendleton's conduct actually constituted unlawful harassment.  Thus, the Court denies the motion to dismiss the retaliation claim on the grounds that settled law forecloses a reasonable belief that the conduct alleged was unlawful.

## CONCLUSION

Because the EEOC charge documents are absent from the record, the Court denies PRG's motion to dismiss Karamatic's sex discrimination claim on the ground that it exceeds the scope of the charge.  Additionally, the Court determines that Karamatic has

ORDER – PAGE 10

alleged enough facts to support her hostile work environment and retaliation claims.  The

Court therefore denies PRG's motion to dismiss.

      Signed July 26, 2022.

David C. Godbey

United States District Judge

ORDER – PAGE 11